466

[907 NYS2d 387]

The People of the State of New York, Plaintiff, v Gersain Muniz, Defendant.

Supreme Court, Kings County, August 11, 2010

**APPEARANCES OF COUNSEL**

*Robert Ryba*, Brooklyn, for defendant. *Charles J. Hynes*, District Attorney (*Jonathan Laskin* of counsel), for plaintiff.

## OPINION OF THE COURT

Jo Ann Ferdinand, J.

The defendant is charged with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and violations of Vehicle and Traffic Law § 1192 (3), (2) and (1) and § 1127 (a) and § 511 (1) (a). He appeared before this court upon his request for an alcohol and substance abuse evaluation, pursuant to CPL article 216, to determine whether he should be offered diversion of the criminal charges while he participates in court-supervised drug treatment. The People consented to an evaluation and proposed that, if defendant were found to have a history of alcohol or substance abuse or dependence that could effectively be addressed by diversion for treatment, he would be offered a plea to criminal possession of a controlled substance in the fifth degree (a D felony) and Vehicle and Traffic Law § 1192 (3) and an opportunity to enroll in treatment while his sentence was deferred. Upon his successful completion of the program, the felony would be dismissed and he would receive a nonjail sentence for the remaining misdemeanor.

The Judicial Diversion Program for Certain Felony Offenders created by the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA) provides that, except upon consent or a finding of exceptional circumstances, prior to an order granting judicial diversion to an eligible defendant, a plea of guilty is required (CPL 216.05 [4]). The defendant initially requested that the People and court consent to his participation in the Judicial Diversion Program without the entry of a plea of guilty. The People declined to consent. The defendant now moves for a finding of exceptional circumstances and an order permitting him to participate in the Judicial Diversion Program without a plea of guilty on the ground that he would suffer severe immigration consequences as a result of the plea. Specifically, he claims that the plea would render him inadmissible or unable to obtain lawful status in the United States.

Exceptional circumstances exist where the very entry of a guilty plea "is likely to result in severe collateral consequences" regardless of the ultimate disposition of the case (CPL 216.05 [4] [b]). Collateral consequences are those consequences that are peculiar to the individual and generally result from actions taken by agencies the court does not control (*People v Catu*, 4 NY3d 242 [2005]; *People v Ford*, 86 NY2d 397 [1995]; *People v*

*Goss*, 286 AD2d 180 [2001]). These consequences are often the unexpected and unintended results of a conviction (*see People v Artusa*, 12 Misc 3d 1196[A], 2006 NY Slip Op 51594[U] [Crim Ct, Kings County 2006]). The U.S. Supreme Court has recognized that deportation as a consequence of a criminal conviction is a particularly severe penalty that may be more important to a defendant than any potential jail sentence (*Padilla v Kentucky*, 559 US —, 130 S Ct 1473 [2010]). Similarly, preserving the possibility of discretionary relief from deportation may be the principal benefit sought by a defendant in deciding whether to accept a plea offer or proceed to trial (*see Padilla v Kentucky*, *supra*; *Ponnapula v Ashcroft*, 373 F3d 480 [2004]). In *Padilla*, the Court noted that in some circumstances deportation may be a presumptively mandatory consequence of a criminal conviction and, thus, not easily classified as a collateral, as distinguished from a direct, consequence. In any event, immigration consequences are certainly consequences that courts must consider in determining whether exceptional circumstances exist under this statute.

In the present case, although he has been residing in the United States for over 12 years and has two children who are citizens of the United States, the defendant remains undocumented. This status alone makes him subject to deportation pursuant to 8 USC § 1227 (a) (1). Indeed, allowing him to participate in diversion for treatment without a plea would have no effect on his status and he would remain, throughout the pendency of this case and beyond, undocumented and subject to removal. While deportation would not be a consequence of his plea, as an undocumented immigrant, a plea to criminal possession of a controlled substance in the fifth degree would render him inadmissible or unable to obtain lawful status in the United States pursuant to 8 USC § 1182 (a) (2) (A) (i) (II), even if that plea were later vacated and the charges dismissed. Nevertheless, given that he has resided in the United States for over 12 years and has yet to obtain lawful status, his claim that his future inability to do so would be a "severe collateral consequence" of his plea is unpersuasive.

Moreover, in order to participate in the Judicial Diversion Program, the defendant would be required to enter a plea of guilty to criminal possession of a controlled substance in the fifth degree and Vehicle and Traffic Law § 1192 (3), neither of

which is an aggravated felony (8 USC § 1101 [a] [43])* or a crime involving moral turpitude (8 USC § 1182 [a] [2] [A] [i] [I]). Accordingly, he would remain eligible to apply for a waiver of criminal inadmissibility pursuant to 8 USC § 1182 (h) and, depending on his country of removal, may also be able to seek asylum pursuant to 8 USC § 1158 and withholding of removal pursuant to 8 USC § 1231 (b) (3). Therefore, the immigration consequence of inadmissibility for this defendant is not presumptively mandatory or automatic by operation of law and, thus, would not be considered a collateral consequence of his plea (*see People v Ford*, 86 NY2d 397 [1995]; *People v Duffy*, 28 Misc 3d 718 [2010]; *People v Patrick*, 24 Misc 3d 1203[A], 2009 NY Slip Op 51242[U] [Sup Ct, NY County 2009]).

Lastly, the court finds that inadmissibility is not a collateral consequence that CPL 216.05 (4) was designed to prevent. If it were, every undocumented immigrant wishing to participate in drug treatment court would require a finding of exceptional circumstances, which would nullify the meaning of the word exceptional. Courts discussing the application of CPL 216.05 (4) (b) to noncitizen defendants have presumed that its purpose is to prevent the mandatory deportation of lawful permanent residents (*see People v Patrick*, 2009 NY Slip Op 51242[U], *3 n 2, cited by *People v Duffy, supra*). Unlike lawful permanent residents, even if undocumented immigrants successfully complete the drug treatment court program, their undocumented status continues. Thus, applying the statutory exception to this defendant and permitting him to participate in diversion for treatment without a plea, would not protect him from removal nor ensure he would be granted legal status.

Based on the foregoing, the defendant's motion for a finding of exceptional circumstances is denied.

---

* Penal Law § 220.06 (5), the criminal possession of a controlled substance in the fifth degree offense with which the defendant is charged, is a simple possession offense not involving crack cocaine or flunitrazepam. Therefore, unlike Penal Law § 220.06 (1) which charges an intent to sell, Penal Law § 220.06 (5) does not constitute an aggravated felony.