OPINION OF THE COURT
Susan M. Capeci, J.
A hearing was held on the defendant’s motion to enter the judicial diversion program, as codified in CPL article 216, without entering a plea of guilty pursuant to CPL 216.05 (4) (b). The defendant seeks this relief based upon the existence of exceptional circumstances, on the ground that the entry of a plea of guilty is likely to result in the severe collateral consequence to him of deportation because he is a noncitizen of the United States. The defendant, 20 years old, is a native of Liberia who has resided in this country since he was a child. He was granted lawful permanent resident status in the United States as of 2006 and is a “green card” holder. He has been charged by superior court information with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), a B felony.
The People oppose the defendant’s entry into the judicial diversion program without his entry of a plea of guilty, unless he first agrees to sign a trial stipulation agreement (hereinafter TSA) providing that he waive: (1) all constitutional and statutory speedy trial rights; (2) the right to seek suppression of evidence pursuant to CPL article 710; (3) the right to be tried by a jury; and (4) the objection to admission of any evidence at trial on any ground other than relevance, including but not limited to grand jury testimony, lab reports, and police reports. The People seek the TSA due to the disadvantageous position they contend they would be placed in as a result of a delayed trial in the event the defendant is unsuccessful in the diversion program, including the potential loss of key witnesses, and the diminished memory of available witnesses. They also argue that without the TSA the defendant would be placed in a better posi *867 tion than a citizen of the United States or any other diversion program participant who would normally be required to plead guilty prior to entering the program.
At the hearing, the defendant objected to signing the TSA, arguing that signing the agreement would deprive him of all constitutional, statutory, and due process protections typically offered to a criminal defendant and result in a sham trial.* Defense counsel has submitted a post-hearing memoranda of law on the issue of the defendant’s admission into the judicial diversion program without his entry of a plea of guilty.
Discussion
a. Existence of Exceptional Circumstances
CPL 216.05 (4) provides that
“[p]rior to the court’s issuing an order granting judicial diversion, the eligible defendant shall be required to enter a plea of guilty to the charge or charges; provided, however, that no such guilty plea shall be required when . . .
“based on a finding of exceptional circumstances, the court determines that a plea of guilty shall not be required. For purposes of this subdivision, exceptional circumstances exist when, regardless of the ultimate disposition of the case, the entry of a plea of guilty is likely to result in severe collateral consequences” (CPL 216.05 [4] [b]).
In this instance, the defendant is facing the likely severe collateral consequence of deportation if he enters a plea of guilty to the charge of criminal possession of a controlled substance in the third degree pursuant to Penal Law § 220.16 (1), with which he is charged. Since that offense includes the element of “intent to sell” it is classified as a drug trafficking offense and is an “aggravated felony” under federal immigration laws (see 8 USC §§ 1101 [a] [43] [B3; 1227 [a] [2] [A] [iii3). As stated in the opinion letter of his immigration counsel submitted by the defendant as an exhibit to his memorandum of law, a plea of guilty to this offense would subject him to deportation from the United States, whether or not it is later withdrawn or vacated due to *868 rehabilitation, since a criminal conviction that is later vacated due to rehabilitation nevertheless continues to operate as a “conviction” within the meaning of the Immigration and Nationality Act (8 USC § 1101 [a] [48] [A]; Pickering v Gonzales, 465 F3d 263 [6th Cir 2006]). This is significant in the defendant’s case since he is presently a lawful permanent resident of the United States with no prior criminal history that would impact his immigration status, and unlike an undocumented individual, he is not otherwise subject to deportation (see e.g. People v Muniz, 29 Misc 3d 466 [Sup Ct, Kings County 2010]).
In addition, the defendant, if convicted of the above charge, would not be eligible for either a “cancellation of removal” pursuant to 8 USC § 1229b (a) (3), or humanitarian “asylum” relief, since the offense he is charged with is deemed an “aggravated felony” which would prevent him from being granted any such relief (8 USC § 1158 [b] [2] [A] [ii]; [B] [i]).
As a result, the court finds the defendant has documented that he would likely suffer the severe collateral consequence of deportation if required to enter a plea of guilty upon being accepted into the judicial diversion program. The United States Supreme Court has recognized that deportation as a consequence of a criminal conviction is a particularly severe penalty that may be more important to a defendant than any potential jail sentence (Padilla v Kentucky, 559 US 356 [2010]). Accordingly, the court will consider the defendant for entry into the judicial diversion program without the requirement that he first enter a plea of guilty, based on a finding of exceptional circumstances pursuant to CPL 216.05 (4) (b).
b. Trial Stipulation Agreement
The remaining issue is whether there is any merit to the People’s demand that the defendant be required to sign the proffered TSA as a condition of being accepted into judicial diversion without entry of a plea of guilty.
The People argue that the defendant should be required to waive the rights specified in the TSA (including waiver of constitutional and statutory speedy trial rights, the right to seek suppression of evidence, the right to be tried by a jury, and the right to object to admission of any evidence at trial on any ground other than relevance). Without the waivers, they argue, the defendant would be placed in a better position than a typical diversion participant who by virtue of his or her guilty plea, has waived all of those rights by waiving a right to a trial in the *869 first place. The non-pleading defendant is in essence being given the opportunity to try the diversion program with all its potential attendant benefits without any of the jeopardy. If he is ultimately unsuccessful in the program, he is simply back in the same position as if he had never attempted diversion, but with the added benefit of having delayed his trial. That delay, the People argue, is often to the detriment of the prosecution.
The defendant responds that he is not placed in a better position through lack of entry of a plea because he has no certainty as to what his potential sentence would be in the event he is unsuccessful in the diversion program and is subsequently convicted after trial. A typical participant who enters a plea of guilty prior to entering the diversion program has knowingly negotiated their sentence parameters with the judge. They are aware of the ramifications of their success or failure in the program. By contrast, the non-pleading defendant who has signed this TSA and has been unfavorably discharged from the diversion program, faces a trial in which he has waived significant constitutional rights that could affect the outcome. The defendant argues that the waiver of such rights as the right to a trial by jury, the right to cross-examine witnesses, and the right to object to the admissibility of evidence, are rights fundamental to a fair trial, and that any requirement that they be waived in order to participate in the diversion program would deprive him of his due process rights.
There is merit to the People’s position that the non-pleading defendant gains an advantage as a result of a delayed trial, as well as being more advantageously situated than a pleading defendant, in the event he is unsuccessful in the diversion program. There is also merit to the defendant’s argument that a waiver of such significant rights without the benefit of a negotiated outcome would be to deprive the defendant of due process. The question then becomes, how and under what circumstances, can the non-pleading defendant and the pleading defendant be placed on as equal a footing as possible without depriving the former of significant constitutional protections?
The applicable statute, CPL 216.05 (4) (b), as written, clearly contemplated the entry of a defendant into judicial diversion upon a demonstration of exceptional circumstances without first entering a plea of guilty. The legislature chose to add this provision to the statute specifically allowing for entry into diversion without a plea of guilty in exceptional circumstances, and did not condition the defendant’s entry in these *870 circumstances on any further waiver of trial rights. Therefore, this court does not find that it is warranted to read into the statute additional requirements to be placed upon the defendant which are not mentioned in or required by the clear statutory language. There is simply no authority by which to circumscribe the defendant’s fundamental trial rights in the event he enters diversion without a plea based on a finding of exceptional circumstances and to do so would constitute overreaching.
A more balanced approach, in this court’s view, would be for the legislature to revisit CPL article 216 with an eye toward possibly requiring the non-pleading defendant to waive at least the ability to seek suppression of evidence on 4th Amendment grounds in order to compensate for the trial delay. The waiver of such 4th Amendment rights does not implicate those rights that protect a fair criminal trial, but rather, those rights that protect the security of one’s privacy against arbitrary intrusion by the police (see Schneckloth v Bustamonte, 412 US 218, 242 [1973]). Any such amendment should be viewed in conjunction with the fact that CPL article 216 is silent as to when the defendant must request consideration for the diversion program. Any legislative requirement of the waiver of a 4th Amendment protection as to evidence without making more specific the time in which the defendant can elect to be considered for diversion would result in pretrial hearings in every case in which the defendant wished to enter the program without pleading guilty. Why would a defendant waive a suppression hearing and enter the diversion program when he can have a hearing, get the benefit of the outcome, and then ask to be considered for the program afterwards?
Upon consideration of all the circumstances present here and without any statutory requirement that such rights be waived or any statutory authority that such rights can be waived, this court will not require the defendant to enter into the TSA agreement proposed by the People. The court will, however, require the defendant to waive his constitutional and statutory rights to a speedy trial for the time he is in the diversion program and until he is unsuccessfully discharged, since the delay in the trial would, in such circumstances, be caused by the defendant’s election to participate in such program.
Having previously determined that the defendant is an “eligible defendant” under CPL 216.00, having received a completed alcohol and substance abuse evaluation report, hav *871 ing previously held a hearing on the issue of whether the eligible defendant should be offered alcohol or substance abuse treatment, and having considered any relevant evidence in accordance with CPL 216.05 (3) (a), this court now makes the following findings of fact:
1. the defendant is an eligible defendant as defined in CPL 216.00 (1);
2. the defendant has a history of alcohol or substance abuse dependence;
3. such alcohol or substance abuse dependence is a contributing factor to the defendant’s criminal behavior;
4. the defendant’s participation in judicial diversion could effectively address such abuse or dependence; and
5. institutional confinement of the defendant is not or may not be necessary for the protection of the public.
Based upon the above findings of fact, this court determines that the above-named defendant should be offered alcohol or substance abuse treatment and may be allowed to participate in the judicial diversion program as set forth in CPL 216.05. Such participation in the judicial diversion program will be permitted without the requirement of the defendant first entering a plea of guilty, in accordance with CPL 216.05 (4) (b), for the previously stated reasons. His participation in the diversion program is subject to further compliance with the orders of this court, including but not limited to the provisions of the judicial diversion contract.

 The defendant did consent to sign a limited agreement waiving his constitutional speedy trial rights, as well as a waiver of statutory speedy trial time elapsed prior to the determination that he was no longer permitted to participate in the diversion program. He also consented to sign an agreement stating the minimum (one year definite term of imprisonment) and the maximum (SVa years’ determinate term of imprisonment) he could receive if unsuccessful in the diversion program.