OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant is charged in an indictment with the B felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). He seeks to participate in judicial diversion without the prior entry of a guilty plea pursuant to CPL 216.05 (4) (b). The People oppose defendant’s application to enter diversion without first pleading guilty.
When an eligible defendant requests that he or she be considered for participation in judicial diversion, the Drug Court staff prepares an alcohol and substance abuse evaluation report and submits it to the court, the defendant and the prosecutor. After all parties have been heard, the court makes findings as to whether: (1) defendant is statutorily eligible under CPL 216.00 (1); (2) defendant has a history of alcohol or substance abuse or dependence; (3) such abuse or dependence is a contributing factor to defendant’s criminal behavior; (4) defendant’s participation in judicial diversion could effectively address such abuse or dependence; and (5) institutional confinement is or may not be necessary for the protection of the public (CPL 216.05 [3] [b]). After consideration of the above factors, this court found that the defendant, Reginald Brignolle, was a statutorily eligible defendant who had a history of substance abuse which contributed to his criminal behavior, that this substance abuse could be effectively addressed through judicial diversion and that institutional confinement was not necessary for the protection of the public. Accordingly, the court granted judicial diversion to this defendant.
*951 Consistent with the diversion statute (CPL 216.05), a defendant who is granted judicial diversion by this court pleads guilty to a felony and signs a Drug Court plea agreement. Sentence is deferred and the court monitors the defendant’s compliance and success in treatment. If defendant successfully completes the program, the plea is withdrawn and the case is dismissed. If defendant fails in the program or is rearrested, under the plea agreement, he may be sentenced to a predetermined prison sentence (CPL 216.05 [9] [c]).
In a rare case where the court finds the existence of exceptional circumstances, CPL 216.05 (4) (b) permits a defendant to participate in judicial diversion without the entry of a guilty plea. Under this statute, exceptional circumstances exist when, regardless of the ultimate disposition of the case, the entry of a plea of guilty is likely to result in severe collateral consequences.
Defendant, a lawful permanent resident of this country, argues that the no-plea provision of the diversion statute should apply to him because, as a noncitizen, a plea to the charge in the indictment would make him deportable. He essentially argues that the possibility of deportation resulting from a plea is a severe collateral consequence and that this qualifies as an exceptional circumstance under the statute.
The major flaws in this argument are twofold. First, as noted by the People, this adverse consequence would apply to every similarly situated noncitizen who seeks to enter diversion. Since the consequence would apply to everyone in this group, this consequence, in and of itself, cannot, by definition, be exceptional. To hold that noncitizenship status and its accompanying possibility of deportation automatically qualifies as an exceptional circumstance would be to create a two-tiered system of justice favoring noncitizens over citizens. And second, the collateral consequence of deportability is not necessarily a severe consequence in every case. This court respectfully disagrees with its colleagues who have simply equated deport-ability with severe collateral consequence. (See People v Kollie, 38 Misc 3d 865 [Sup Ct, Westchester County 2013]; People v Fernandez, Sup Ct, Queens County, Aug. 20, 2013, indictment No. QN 10163/12 [unpublished decision].) While deportability may be a severe consequence for a long-term legal resident first offender who possesses drugs for his own use, it is not necessarily a severe consequence for a noncitizen who has been in the business of selling drugs. Whether exceptional circumstances exist and whether the possibility of deportation is a severe col *952 lateral consequence must be determined on a case by case basis. This court does not and will not hold that the possibility of deportation for a noncitizen requires a per se finding of exceptional circumstances in every case.
The People additionally argue that requiring defendant to enter a plea puts him in no worse position than he would be in without the plea. The People point out that the status of being a drug addict or abuser is an independent ground for deportation (8 USC § 1227 [a] [2] [B] [ii]). The People assert that defendant’s participation in diversion is tantamount to an admission to being a drug abuser or addict. Therefore, they argue, requiring defendant to plead guilty would merely add an additional ground for deportation. While this argument may be technically correct, it is the court’s understanding that this ground is rarely, if ever, invoked by the Immigration and Naturalization Service. Defense counsel informs the court that a search of the Board of Immigration Appeals cases since 1952 revealed only one case in which the government has prevailed where the sole ground for deportability is that someone is a drug abuser or addict. That case was in 1960, more than a half century ago. The absence of the use of this ground as a basis for deportation proceedings is also consistent with the experience of defense counsel’s colleagues at the Legal Aid Society Immigration Law Unit.
In the instant case, defendant is charged with a controlled substance offense based on weight. There is no allegation that defendant intended to sell the controlled substance. While a conviction for a controlled substance offense would render defendant deportable, this offense — straight possession — is not an aggravated felony. An aggravated felony is defined as “illicit trafficking in a controlled substance” (8 USC § 1101 [a] [43] [B]). A conviction for an aggravated felony would result in mandatory deportation (8 USC § 1229b [a] [3]). In this case, defendant does not face mandatory deportation but rather qualifies to apply for cancellation of deportation proceedings (8 USC § 1229b [a] [3]). Nonetheless, defendant would face the possibility of a lengthy detention by immigration authorities pending a determination of any such application for cancellation of removal proceedings (8 USC § 1226 [c] [1] [B]). This would make drug treatment an impossibility and render the whole diversion process illusory. Even if defendant did successfully complete the diversion program and had his plea withdrawn and his case dismissed, the withdrawn plea would still be considered a convic *953 tian for immigration purposes and defendant would remain subject to deportation. (See Saleh v Gonzales, 495 F3d 17 [2d Cir 2007].)
This defendant is 49 years of age and has been a lawful permanent resident of the United States since 1972, when he and his five siblings left Haiti and joined their parents who had arrived a few years earlier as lawful residents. Defendant’s entire family lives in the United States and defendant has no ties to his place of birth. Defendant has worked in the fashion industry and now operates a small business with his girlfriend. This is defendant’s first arrest. He is charged with straight possession. There is no allegation that he intended to sell the drugs. Defendant has been a resident of this country for approximately 40 years and he has no criminal history. Defendant’s crime was clearly the result of his drug addiction and he is precisely the type of person for whom judicial diversion was created by the legislature. Defendant has been successfully participating in an intensive outpatient drug program for the past six months and has not re-offended since this arrest. To require defendant to enter a guilty plea in order to avail himself of judicial diversion would expose him to the prospect of being deported to a place where he has not lived since he was eight years old and where he has neither family nor any other ties. Under the particular facts and circumstances of this case, the possibility of deportation is a severe collateral consequence which would likely flow from defendant’s entry of a guilty plea.
Since the court finds that exceptional circumstances exist in this case, the defendant will be granted diversion without the entry of a guilty plea. He will, however, be required to expressly waive his speedy trial rights under CPL 30.30 and 30.20 while participating in diversion since any trial delays will have been caused by defendant’s voluntary participation in diversion. He will not, however, be required to waive any further constitutional, statutory or trial rights. Any such further requirement is neither a statutory prerequisite for entry into diversion without a plea nor is it consistent with due process.