People v Gavrilov (2019 NY Slip Op 08694)





People v Gavrilov


2019 NY Slip Op 08694


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-12192
 (Ind. No. 9562/15)

[*1]The People of the State of New York, respondent,
v
Anar Gavrilov, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph Gubbay, J.), rendered August 11, 2017, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in an indictment with, inter alia, grand larceny in the fourth degree. The Supreme Court, over the People's objection, granted the then 24-year-old defendant's request pursuant to CPL 216.05(1) for a substance abuse evaluation. Thereafter, the defendant moved pursuant to CPL 216.05(4)(b) to participate in a judicial diversion program without being required to enter a plea of guilty. The defendant, a native of Azerbaijan and a lawful permanent resident of the United States, argued that exceptional circumstances existed warranting such relief since the entry of a plea of guilty would likely result in "severe collateral consequences," to wit, deportation (CPL 216.05[4][b]). The court determined that the defendant may participate in the judicial diversion program, however, it denied his request to forego the requirement that he enter a plea of guilty. The defendant pleaded guilty to grand larceny in the fourth degree in exchange for the court's promise that, if he successfully completed the judicial diversion program, the plea would be vacated and the indictment dismissed. However, if the defendant failed to successfully complete the program, he would be sentenced to an indeterminate term of imprisonment of 1½ to 3 years. During the plea proceeding, the defendant was adjudicated a second felony offender after admitting that he had a prior felony conviction in 2012 of grand larceny in the fourth degree and after declining to challenge the constitutionality of that conviction. The defendant also confirmed his understanding that, if he was not a citizen of the United States, his plea of guilty could have adverse immigration consequences. The defendant subsequently violated a condition of his release under the judicial diversion program, and, on August 11, 2017, the court imposed the promised sentence of imprisonment.
CPL 216.05(4) provides that "[w]hen an authorized court determines . . . that an eligible defendant should be offered alcohol or substance abuse treatment, or when the parties and the court agree to an eligible defendant's participation in alcohol or substance abuse treatment, an eligible defendant may be allowed to participate in the judicial diversion program offered by this [*2]article. Prior to the court's issuing an order granting judicial diversion, the eligible defendant shall be required to enter a plea of guilty to the charge or charges; provided, however, that no such guilty plea shall be required when: (a) the people and the court consent to the entry of such an order without a plea of guilty; or (b) based on a finding of exceptional circumstances, the court determines that a plea of guilty shall not be required. For purposes of this subdivision, exceptional circumstances exist when, regardless of the ultimate disposition of the case, the entry of a plea of guilty is likely to result in severe collateral consequences."
While the possibility of deportation may be an "unwelcome and adverse consequence of a conviction" (People v Radonich, 49 Misc 3d 1212[A], 2015 NY Slip Op 51586[U], *1 [Sup Ct, New York County]), and may, under certain circumstances, constitute a severe collateral consequence, we decline to adopt a per se rule requiring courts to allow every eligible defendant subject to deportation to participate in judicial diversion without first pleading guilty (see People v Mills, 52 Misc 3d 1209[A], 2016 NY Slip Op 51101[U], *3 [Sup Ct, New York County]; People v Brignolle, 41 Misc 3d 949, 951-952 [Sup Ct, New York County]). Here, the defendant, who has resided in this country since 2003, has an extensive criminal history, mainly involving theft-related crimes, and a pattern of noncompliance with various treatment programs. The record demonstrates that the defendant was unmarried, had no children, and was unemployed. Prior to pleading guilty to the instant offense, the defendant failed to appear at a number of appointments to be evaluated for judicial diversion, and failed to appear in court twice, necessitating his return on a bench warrant. We agree with the Supreme Court's determination not to permit the defendant, on the basis of "exceptional circumstances," to participate in judicial diversion without first pleading guilty (CPL 216.05[4][b]; see People v Mills, 52 Misc 3d 1209[A], 2016 NY Slip Op 51101[U], *2-3; People v Rafaniello, 51 Misc 3d 1218[A], 2016 NY Slip Op 50714[U], *2-3 [Sup Ct, New York County]; People v Radonich, 49 Misc 3d 1212[A], 2015 NY Slip Op 51586[U], *1; cf. People v Brignolle, 41 Misc 3d at 953; People v Weissman, 38 Misc 3d 1230[A], 2013 NY Slip Op 50339[U], *2-3 [Sup Ct, New York County]; People v Kollie, 38 Misc 3d 865, 868 [County Ct, Westchester County]; People v Vallejo, 35 Misc 3d 1243[A], 2012 NY Slip Op 51131[U], *3 [Sup Ct, Kings County]).
Furthermore, the defendant failed to preserve for appellate review his challenge to the validity of his plea of guilty (see People v Williams, 27 NY3d 212, 214; People v Walton, 168 AD3d 1001). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Contreras, 170 AD3d 1034, 1035; People v King, 169 AD3d 1060, 1061).
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court