■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE GLASS, Appellant. [688 NYS2d 361] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of four counts of criminal possession of

stolen property in the fourth degree (Penal Law § 165.45 [2]) based upon her possession of four stolen credit cards. Defendant contends that County Court erred in admitting testimony of uncharged conduct of defendant and by failing to conduct a *Ventimiglia* hearing (*see, People v Ventimiglia,* 52 NY2d 350) prior to receipt of that testimony. We disagree. Although defendant was not charged with possession of a stolen JC Penney's credit card, the testimony that defendant presented that credit card to the sales clerk at JC Penney's was necessary "to complete the narrative of the episode" (*People v Gines,* 36 NY2d 932, 932-933). That testimony explains why defendant was stopped by store security personnel and taken back to the security office, where the four stolen credit cards at issue were found in an area where defendant had made a "stuffing" motion. In addition, where, as here, the parties were aware of the content of the testimony of the sales clerk by reason of his prior sworn testimony before the Grand Jury and the testimony at the pretrial *Wade* hearing, there was no need to conduct a hearing (*see, People v Berger,* 188 AD2d 1073, 1074, *lv denied* 81 NY2d 881). Furthermore, the court gave an appropriate curative instruction concerning the limited purpose for which that testimony was offered. Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.