■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RODRIGUEZ, Appellant. [710 NYS2d 907] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 1, 1998, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was absent during a material stage of his trial because he was not present at a sidebar conference concerning testimony that amounted to evidence of an uncharged crime, although he was seated at the defense table during this colloquy. A *Ventimiglia* hearing (*People v Ventimiglia,* 52 NY2d 350) is an ancillary hearing at which a defendant has the right to be present when he may have

"something valuable to contribute" (*People v Morales,* 80 NY2d 450, 456). In *People v Spotford* (85 NY2d 593), for example, the *Ventimiglia* hearing involved four uncharged crimes dating back to 1981 and the defendant was in the best position to deny or controvert the allegations. In contrast, the sidebar colloquy in this case involved a legal discussion of whether a witness's testimony regarding the defendant's prior possession of the same type of gun used in the subject incident was more prejudicial than probative, and this testimony had already been heard in the defendant's presence. Under the circumstances, it cannot be said that the defendant's presence at the sidebar conference " '[would have] help[ed] to ensure that the court's determination [was] not * * * predicated on the prosecutor's "unrebutted view of the facts" (*People v Ortega,* 78 NY2d 1101, 1103)' " (*People v Spotford, supra,* at 597; *see, People v Dokes,* 79 NY2d 656, 661).

The defendant's contention that the evidence was legally insufficient to sustain his conviction of robbery in the first degree is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Joy, Luciano and Schmidt, JJ., concur.