■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN LOVULLO, Appellant. [773 NYS2d 329]—

Appeal from a judgment of the Monroe County Court (David D. Egan, J.), rendered October 29, 1999. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree and sodomy in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject the contention of defendant that he was unable to prepare his defense and was thereby denied his right to a fair trial based upon the People's failure to specify with sufficient particularity the dates and times of the charged offenses. The time frames alleged in the indictment, as narrowed by the bill of particulars, encompassed periods between 9:00 P.M. Saturday and 3:00 A.M. Sunday during the first three weekends of December 1998, and the victim testified that the crimes occurred between 11:00 P.M. and midnight. Defendant presented a plausible alibi defense with respect to the alleged time frames. Under all of the circumstances, "we conclude that the indictment, as narrowed by the bill of particulars, reasonably serve[d] the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation" (*People v Hutzler*, 270 AD2d 934, 935 [2000], *lv denied* 94 NY2d 948 [2000] [internal quotation marks omitted]; *see People v Morris*, 61 NY2d 290, 294-295 [1984]).

Defendant failed to preserve for our review by timely objection his contention that misconduct by the prosecutor during summation deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Bell*, 234 AD2d 915, 916 [1996], *lv denied* 89 NY2d 1009 [1997]; *see also People v Price*, 120 AD2d 690 [1986]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). County Court properly exercised its discretion in refusing to permit defendant to introduce extrinsic evidence on a collateral matter (*see People v Barber*, 269 AD2d 758, 759 [2000]; *People v Holloway*, 261 AD2d 658, 659 [1999], *lv denied* 93 NY2d 972 [1999]). The record does not support defendant's contention that the court was not fair and impartial (*see People v Chase*, 265 AD2d 844, 844-845 [1999], *lv denied* 94 NY2d 902 [2000]). Finally, contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.