[820 NE2d 863, 787 NYS2d 219]

The People of the State of New York, Respondent, v Ederick Fabricio, Appellant.

Argued October 21, 2004; decided December 2, 2004

## POINTS OF COUNSEL

*Office of the Appellate Defender,* New York City (*Michael Pinard, Richard M. Greenberg* and *Daniel A. Warshawsky* of counsel), for appellant. The trial court violated Ederick Fabricio's federal constitutional rights as well as his state constitutional and statutory rights when it conducted a *Sandoval/ Ventimiglia* hearing during his cross-examination outside his presence, as Mr. Fabricio waited on the witness stand and while the jury remained in the courtroom. (*Snyder v Massachusetts,* 291 US 97; *People v Dokes,* 79 NY2d 656; *People v Spotford,* 85 NY2d 593; *People v Sandoval,* 34 NY2d 371; *People v Fardan,* 82 NY2d 638; *People v Rodriguez,* 85 NY2d 586; *People v Dickerson,* 87 NY2d 914; *People v Haywood,* 280 AD2d 282, 97 NY2d 641; *People v Corcos,* 288 AD2d 40.)

*Robert M. Morgenthau, District Attorney,* New York City (*Patrick J. Hynes* and *Hilary Hassler* of counsel), for respondent. Defendant had no right to be present at a sidebar discussion, held while he was testifying, during which the prosecutor informed the court of his good faith basis for inquiring about a prior inconsistent statement. (*People v Velasquez,* 1 NY3d 44; *People v Maher,* 89 NY2d 318; *People v Andrew,* 1 NY3d 546; *People v Cody,* 260 AD2d 718; *People v Antommarchi,* 80 NY2d 247; *People v Dokes,* 79 NY2d 656; *People v Robles,* 86 NY2d 763; *People v Narayan,* 54 NY2d 106; *People v Torres,* 267 AD2d 261; *People v Sprowal,* 84 NY2d 113.)

### OPINION OF THE COURT

CIPARICK, J.

On this appeal, the issue presented is whether a sidebar conference held while defendant was on the witness stand and the jury was seated in the jury box constituted either a *Sandoval* or *Ventimiglia* hearing, at which defendant had a right to be

present (*see People v Sandoval*, 34 NY2d 371 [1974]; *see also People v Ventimiglia*, 52 NY2d 350 [1981]). Because the sidebar concerned only a legal issue, we conclude that the conference was not a *Sandoval* or a *Ventimiglia* hearing, and defendant's right to be present was not violated.

In connection with the robbery and shooting death of Jose Perez, defendant was arrested and charged with murder in the second degree, robbery in the first degree and robbery in the second degree. Under direct examination, defendant testified that he traveled by plane from Florida to New York on the day before the charged crimes took place. He further testified that Pedro Aviles, an accomplice, paid his airfare. During cross-examination, defendant again maintained that he did not pay for his airline ticket.

The People requested a sidebar conference which took place while defendant was on the witness stand and the jury was in the jury box. The record reflects that the trial judge, prosecutor and defense counsel were present at the conference. We do not know the exact location of the sidebar, but for purposes of our analysis will assume that all discussions were held out of defendant's presence. During the sidebar, the following colloquy took place:

> "[PROSECUTOR]: I'd ask for a ruling on a Sandoval Ventimiglia situation. The defendant told Pedro and the cab driver on the trip from Kennedy [Airport] to Yonkers that he got the money for the ticket by doing a robbery. And that that is how he got up here.
>
> "[DEFENSE COUNSEL]: That the defendant got the money—
>
> "[PROSECUTOR]: The defendant did. And I want to inquire about that.
>
> "[DEFENSE COUNSEL]: Obviously, I would object to first of all, I never seen the statement or heard about the statement at all. The statement allegedly made by the defendant as to where all the evidence has been, the defendant came up to New York and got the money. Got the ticket because Pedro had bought a pre-purchased ticket for him.
>
> "[PROSECUTOR]: He never told any law enforcement that this is through the cab driver.
>
> "[DEFENSE COUNSEL]: I am going to object to it.

"THE COURT: He has a good faith basis for asking. I don't know if it is a Sandoval Ventimiglia.

"[PROSECUTOR]: It may not be."

The sidebar was then concluded, and the court ordered a brief recess.

Cross-examination resumed, and defendant affirmatively recalled his previous testimony that he did not pay for his airline ticket. Thereafter, the prosecutor asked defendant "didn't you explain to Pedro and to [the taxi driver] that in order to get the plane up here and pay for it, you had to commit a robbery?" Over objection, defendant answered in the negative. No further inquiries were made concerning the alleged statement.

At the conclusion of the trial, Supreme Court convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first and second degrees, and sentenced him to concurrent terms of 25 years to life, 12½ to 25 years and 5 to 15 years. Defendant appealed his conviction arguing that he was denied his right to be present at a material stage of trial by his exclusion from the sidebar conference, which he characterized as a *Sandoval/Ventimiglia* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]; *see also People v Ventimiglia*, 52 NY2d 350 [1981]).

The Appellate Division, over a one-Justice dissent, rejected this argument and affirmed the conviction, reasoning that the record did not establish defendant's absence from the sidebar and that, "[i]n any event, the conference concerned a pure issue of law as to whether the prosecutor had a good faith basis for questioning defendant about a prior inconsistent statement" (307 AD2d 882, 883 [2003] [citations omitted]). The dissenting Justice voted to reverse defendant's conviction and remand the case for a new trial on the ground that the sidebar conference was a *Sandoval* hearing, at which defendant had a right to be present. By permission of the dissenting Justice, defendant appeals from the order of the Appellate Division, and we now affirm.

■ Defendant argues that the challenged sidebar conference constituted a *Sandoval/Ventimiglia* hearing and that, as a result of his absence, he was denied his statutory and constitutional right to be present during material stages of the criminal proceeding (*see* CPL 260.20; US Const 6th, 14th Amends; NY Const, art I, § 6). The People effectively counter that the conference involved only questions of law, making defendant's pres-

ence during the discussion unnecessary (see People v Rodriguez, 85 NY2d 586, 591 [1995]).

In determining whether a defendant has a right to be present during a particular proceeding, an essential factor is the potential for the defendant to meaningfully participate in the subject discussions (see People v Spotford, 85 NY2d 593, 596 [1995]; see also People v Dokes, 79 NY2d 656, 661 [1992]). An important consideration "is whether the proceeding involved factual matters about which [the] defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (Dokes, 79 NY2d at 660). In the Sandoval/Ventimiglia context, the trial court balances the probative value of proposed evidence against its prejudicial impact, considering the nature of the defendant's alleged prior bad acts and their similarity to the pending charges (see Dokes, 79 NY2d at 661).

Here, the sidebar conference focused on a pure question of law—whether defendant's testimony "opened the door" to the use of his prior inconsistent statement and whether the People had a good faith basis to inquire about it. Defendant did not have a right to be present, as the subject legal discussion did not implicate his peculiar factual knowledge or otherwise present the potential for his meaningful participation (see People v Rodriguez, 85 NY2d 586, 591 [1995]). To be sure, in allowing the prosecutor to proceed with the inquiry, the trial court ruled that the People had a good faith basis for the question. The court correctly did not consider the application to be in the realm of Sandoval or Ventimiglia, requiring a balancing of prejudice and probative value (see Dokes, 79 NY2d at 661).

■ Moreover, defense counsel objected only on the ground that he had no notice or knowledge of defendant's statement. The colloquy centered on that objection, and none of the parties to the conference made even a single inquiry about the uncharged robbery itself.* For these reasons, any claim based on defendant's absence from the conference is unpreserved for this Court's review.

---

* It is noteworthy that the People made no further mention about the prior inconsistent statement or the alleged robbery but, during summation, stated that the evidence established that—as defendant testified—his accomplice Pedro Aviles paid his airfare.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.