■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED C. ROBINSON, Appellant. [814 NYS2d 418]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 13, 2003. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, tampering with a witness in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, bribing a witness, tampering with a witness in the third degree and tampering with a witness in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of various crimes stemming from four related criminal transactions. The first transaction involved the stabbing of a victim; the second involved tampering with a witness to the stabbing; the third involved tampering with the same witness on a different occasion and attempting to bribe him; and the fourth involved the shooting and attempted murder of the stabbing victim the day before the trial on the stabbing incident was scheduled to begin. We reject the contention of defendant that County Court erred in denying his motion to sever the counts for trial. The offenses were joinable under CPL 200.20 (2) (b), and thus the court lacked the statutory authority to grant defendant's motion for severance (see People v Cornell, 17 AD3d 1010, 1011 [2005], lv denied 5 NY3d 805 [2005]; see also People v Bongarzone, 69 NY2d 892, 895 [1987]; People v Fontanez, 278 AD2d 933, 935 [2000], lv denied 96 NY2d 862 [2001]).

We reject the further contentions of defendant that the court erred in failing to conduct a *Ventimiglia* hearing, that he was denied the right to be present at a material stage of the proceedings based on his absence from the sidebar conference concerning the *Ventimiglia* ruling, and that the court erred in ruling that the testimony concerning an uncharged act of bribery allegedly committed by defendant was admissible. Defendant has failed to establish that he was prejudiced by the fact that the *Ventimiglia* evidence was deemed admissible as a result of an offer of proof made to the court during the sidebar conference at trial. "A defendant is not entitled to have such a *[Ventimiglia]* hearing conducted before trial" (*People v Torres*, 300 AD2d 46, 46 [2002], *lv denied* 99 NY2d 633 [2003]) and, furthermore, an offer of proof is acceptable where, as here, the defendant is aware of the proposed testimony (*see People v Himko*, 239 AD2d 661, 662 [1997], *lv denied* 90 NY2d 906 [1997]; *see also People v Glass*, 259 AD2d 989, 990 [1999], *lv denied* 93 NY2d 924 [1999]).

Defendants generally have a right to be present during *Ventimiglia* hearings or sidebar conferences because such a *Ventimiglia* hearing or sidebar conference "is an ancillary hearing [or sidebar conference] at which a defendant has the right to be present when he may have 'something valuable to contribute' " (*People v Rodriguez*, 273 AD2d 415, 415-416 [2000], *lv denied* 95 NY2d 907, 96 NY2d 867 [2000]; *see People v Spotford*, 85 NY2d 593, 596-597 [1995]). We conclude that defendant's right to be present was not violated in this case because the only issue discussed was whether the testimony was more prejudicial than probative, and thus there was no potential for meaningful participation on defendant's part (*see Rodriguez*, 273 AD2d at 415-416; *see also People v Sanchez*, 213 AD2d 566, 567-568 [1995], *lv denied* 86 NY2d 784 [1995]; *cf. People v Sanchez*, 209 AD2d 1012 [1994]). We further conclude that the evidence concerning defendant's alleged uncharged act of bribery was properly admitted inasmuch as it was relevant to the issue of consciousness of guilt, "thereby providing circumstantial corroborating evidence of identity" (*People v Jones*, 276 AD2d 292, 292 [2000], *lv denied* 95 NY2d 965 [2000]; *see also People v Maddox*, 272 AD2d 884, 885 [2000], *lv denied* 95 NY2d 867 [2000]).

Defendant failed to preserve for our review his further contentions that the accomplice's testimony was incredible as a matter of law (*see People v Olivero*, 289 AD2d 1082, 1083 [2001], *lv denied* 98 NY2d 639 [2002]), that the conviction of assault in the first degree (Penal Law § 120.10 [1]), tampering with a witness in the fourth degree (§ 215.10), tampering with a witness

in the third degree (§ 215.11 [1]) and bribing a witness (§ 215.00) is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]), that *People v Cahill* (2 NY3d 14 [2003]) requires reversal of the conviction of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [v]; [b]; *see* CPL 470.05 [2]), and that the jury instructions were improper (*see generally People v Fagan*, 24 AD3d 1185, 1187 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review many of his challenges to the prosecutor's comments on summation (*see People v Lovullo*, 5 AD3d 1013 [2004], *lv denied* 2 NY3d 802 [2004]; *People v Perez*, 298 AD2d 935, 937 [2002], *lv denied* 99 NY2d 562 [2002]). In any event, we conclude that the comments by the prosecutor were either fair comment on the evidence or were in direct response to defense counsel's summation (*see People v Van Guilder*, 282 AD2d 773, 774 [2001], *lv denied* 96 NY2d 836 [2001]). Contrary to the contention of defendant, his statement to the arresting officer was spontaneous and was therefore properly admitted at trial (*see People v Oglesby*, 15 AD3d 888 [2005], *lv denied* 4 NY3d 855 [2005]; *People v Downey*, 254 AD2d 794 [1998], *lv denied* 92 NY2d 1031 [1998]). The remaining contentions of defendant concerning his statement to the arresting officer and the CPL 710.30 notice are raised for the first time on appeal and thus are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.