■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RODRIGUEZ, Appellant. [941 NYS2d 99]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 3, 2008, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 2½ to 5 years, and otherwise affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to preserve any of his procedural objections to the court's disposition of the application (*see People v Richardson*, 100 NY2d 847, 853 [2003]). Defendant's substantive *Batson* arguments were insufficient to alert the trial court to defendant's claim that it had failed to follow the *Batson* protocol, and we decline to review defendant's procedural claims in the interest of justice.

As an alternative holding, we also reject them on the merits. The prosecutor disclosed her reasons for her challenges, which

were race-neutral, and the court heard defense counsel's arguments as to why the reasons were pretextual. Thus, by permitting the peremptory challenges to stand, the court implicitly rejected the pretext arguments and found the proffered reasons nonpretextual (*see People v Pena*, 251 AD2d 26, 34 [1998], *lv denied* 92 NY2d 929 [1998]; *compare Dolphy v Mantello*, 552 F3d 236, 239 [2d Cir 2009]), even if "the court may have used the wrong nomenclature in describing its step-three ruling" (*People v Washington*, 56 AD3d 258, 259 [2008], *lv denied* 11 NY3d 931 [2009]), a defect that could have been readily cured had defendant made a contemporaneous objection. The court's finding of nonpretextuality is supported by the record with respect to each of the panelists at issue, and it is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

There was no violation of defendant's right to be present at material stages of the trial. Defendant did not object to his absence from the proceedings at which the court clarified its *Molineux* ruling, or at which his CPL 330.30 motion was argued and decided. While a defendant need not object to his absence from a material stage of a trial (*see People v Torres*, 80 NY2d 944, 945 [1992]), these proceedings were not material. Because defendant's presence would not have had a substantial effect on his ability to defend against the charges, these claims are unpreserved (*see People v Pagan*, 93 NY2d 891, 892 [1999]), and we decline to review them in the interest of justice.

As an alternative holding, we also reject them on the merits. Defendant was present at the initial proceeding, when the parties presented their *Molineux* arguments and the court made a ruling. This provided defendant with the opportunity for meaningful input regarding the uncharged crimes (*see People v Spotford*, 85 NY2d 593, 597 [1995]). Thus, his presence was not necessary at a subsequent proceeding that did not modify the ruling, but only made a slight clarification (*see People v Liggins*, 19 AD3d 324 [2005], *lv denied* 5 NY3d 853 [2005]). The second proceeding essentially involved a legal question that did not "involve[ ] factual matters about which defendant might have peculiar knowledge" (*see People v Rodriguez*, 85 NY2d 586, 589-590 [1995]). Similarly, defendant's presence was not required at the discussion of his CPL 330.30 motion. The motion involved a legal issue relating to undisputed facts (*see People v Fabricio*, 3 NY3d 402, 406 [2004]).

Although the People's posttrial disclosure of certain grand jury minutes violated *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), defendant is not entitled to a new

trial. Defendant raised his *Rosario* claim by way of a CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence. That type of motion requires a showing that the new evidence created a probability of a more favorable result, and defendant fell far short of meeting that standard. In any event, regardless of any procedural issues, defendant has not shown prejudice under the "reasonable possibility" standard contained in CPL 240.75. The grand jury minutes at issue did not contain any useful impeachment material, and defendant's claim that their nondisclosure nevertheless impaired his trial strategy is unpersuasive.

Defendant's claim of ineffective assistance of counsel is not reviewable on direct appeal because it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Counsel's alleged deficiencies did not deprive defendant of a fair trial, affect the outcome of the case, or cause defendant any prejudice (*see Strickland*, 466 US at 694).

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.