The court properly denied defendant’s application pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant failed to meet his burden of establishing that the prosecutor’s facially nondiscriminatory reasons for peremptorily challenging a prospective juror were pretextual (see People v Payne, 88 NY2d 172, 181 [1996]).
The record supports the court’s rejection of defendant’s claim of pretext, and that finding is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). We do not find any disparate treatment by the prosecutor of similarly situated panelists. The prosecutor consistently exercised peremptory challenges against panelists with incarcerated relatives, with the exception of a panelist whose situation was different in some respects. The latter panelist had a relative with a past incarceration, but this panelist also had a relative who was one of the prosecutor’s colleagues in the District Attorney’s office. Any incompleteness of the record regarding the prosecutor’s reasons for not challenging the latter panelist is attributable to defendant’s failure to call that panelist to the court’s and prosecutor’s attention as an alleged example of disparate treatment.
Defendant failed to preserve his procedural objections to the court’s disposition of the application, including his challenge to the court’s phrasing of its step-three ruling (see e.g. People v Rodriguez, 93 AD3d 595, 595 [1st Dept 2012], lv denied 19 NY3d 966 [2012]), and we decline to review them in the interest of *630 justice. As an alternative holding, we also reject them on the merits (see id. at 596).
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The inference is inescapable that defendant was the person who had just been seen secreting a pistol, particularly in light of the very close temporal and spatial proximity between the complainant’s observations and defendant’s apprehension.
The court properly permitted the People to introduce, on their rebuttal case, medical records showing that defendant had only a minor abrasion when admitted to prison. This properly rebutted testimony by defense witnesses who claimed that defendant was severely beaten by the police. “Evidence is not collateral . . . when it is relevant to some issue other than credibility and [wa]s offered for the purpose of disproving facts set forth by a witness for the opposing side on direct examination” (People v Beavers, 127 AD2d 138, 141 [1st Dept 1987], lv denied 70 NY2d 642 [1987]). By creating an issue of alleged police brutality, defendant opened the door to rebuttal evidence tending to negate that claim. Concur — Mazzarelli, J.P, Sweeny, Renwick, Richter and Román, JJ.