# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

726

KA 09-02535

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY O. FARRARE, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

TIMOTHY FARRARE, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered November 9, 2009.  The judgment
convicted defendant, upon a jury verdict, of murder in the second
degree (two counts) and manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury
verdict of manslaughter in the first degree (Penal Law § 125.20 [1])
and two counts of murder in the second degree (§ 125.25 [3] [felony
murder]), defendant contends that Supreme Court erred in denying his
application pursuant to *Batson v Kentucky* (476 US 79).  Defendant
failed to preserve for our review his procedural challenge to the
court's disposition of his *Batson* application (*see People v Rodriguez*,
93 AD3d 595, 595, *lv denied* 19 NY3d 966; *People v Parker*, 304 AD2d
146, 156, *lv denied* 100 NY2d 585) and, in any event, that challenge
lacks merit.  The court at least implicitly concluded that the
prosecutor's explanation was not pretextual (*see People v Dandridge*,
26 AD3d 779, 779-780; *People v Pena*, 251 AD2d 26, 34, *lv denied* 92
NY2d 929; *cf. People v Morgan*, 75 AD3d 1050, 1051-1052, *lv denied* 15
NY3d 894).  We conclude with respect to defendant's challenge to the
merits of the court's *Batson* ruling that the court did not abuse its
discretion in determining that the prosecutor's explanation for her
peremptory challenge with respect to the subject juror was not
pretextual (*see People v Thompson*, 59 AD3d 1115, 1117, *lv denied* 12
NY3d 860; *see also People v Hodges*, 99 AD3d 629, 629, *lv denied* 20
NY3d 1062; *People v Johnson*, 74 AD3d 1912, 1913).  Contrary to
defendant's further contention, there was probable cause for the order

of an Ohio court authorizing the People herein to obtain a sample of defendant's blood while defendant was incarcerated in Ohio (*see People v Afrika*, 13 AD3d 1218, 1219-1220, *lv denied* 4 NY3d 827; *see also People v Smith*, 95 AD3d 21, 24; *see generally People v LeRow*, 70 AD3d 66, 70).

We reject defendant's contention in both his main and pro se supplemental briefs that the court abused its discretion in denying his request for additional DNA testing. The record establishes that defendant's request was made on the eve of trial and was merely a "dilatory tactic" (*People v Arroyave*, 49 NY2d 264, 272; *see People v Brandi E.*, 38 AD3d 1218, 1218, *lv denied* 9 NY3d 863). Even assuming, arguendo, that defendant preserved for our review his contention that the court's determination denied him due process of law and the ability to present a defense, we conclude that his contention lacks merit (*see generally Crane v Kentucky*, 476 US 683, 689-690).

We likewise reject defendant's further contention in his pro se supplemental brief that the verdict is inconsistent or repugnant inasmuch as he was acquitted of intentional murder (Penal Law § 125.25 [1]) but convicted of two counts of felony murder (§ 125.25 [3]; *cf. People v Sampson*, 145 AD2d 910, 910, *lv denied* 73 NY2d 982; *see generally People v Trappier*, 87 NY2d 55, 58). Finally, we reject the contention of defendant in his pro se supplemental brief that the court erred in admitting in evidence certain testimony of the police officer who responded to the scene of the crime (*see generally People v Cantave*, 21 NY3d 374, 381, *clarification denied* 21 NY3d 1070; *People v Miller*, 115 AD3d 1302, 1303-1304).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court