■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER HUNT, Appellant. [43 NYS3d 50]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered October 10, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question, including those related to employment (*see People v Wint*, 237 AD2d 195, 197-198 [1st Dept 1997], *lv denied* 89 NY2d 1103 [1997]), were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant failed to preserve his procedural objections to the court's handling of the application with regard to one of the jurors at issue (*see People v Richardson*, 100 NY2d 847, 853 [2003]), including the court's phrasing of its ruling (*see e.g. People v Rodriguez*, 93 AD3d 595, 595 [1st Dept 2012], *lv denied*

19 NY3d 966 [2012]), and we decline to review them in the interest of justice. As an alternative holding, we find that the court implicitly made a proper step-three ruling (*see People v Pena*, 251 AD2d 26, 34 [1998], *lv denied* 92 NY2d 929 [1998]), that it did not revisit step one, and that it did not cut defendant off or stop him from making a fuller record if he chose to do so.

The People sufficiently authenticated a television cable that was alleged to have possibly been used to strangle the victim. It was unnecessary to establish a chain of custody, because witnesses identified the cable as having been in the victim's bedroom based on its distinctive paint stains, which were also visible in a crime scene photograph (*see People v McGee*, 49 NY2d 48, 59-60 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]; *People v Connelly*, 35 NY2d 171, 174 [1974]). The item was nonfungible, and defendant's arguments to the contrary are speculative and without merit. Defendant's objection was insufficient to preserve any of his other arguments regarding the cable, and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The record supports the jury's rejection of defendant's assertion that he was too intoxicated to form the requisite homicidal intent. Defendant engaged in purposeful activity (*see e.g. People v McCray*, 56 AD3d 359 [1st Dept 2008], *lv denied* 12 NY3d 760 [2009]), especially with regard to attempting to cover up the crime, and his claimed consumption of alcohol was not particularly extensive. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.