People v Calderon (2019 NY Slip Op 07707)





People v Calderon


2019 NY Slip Op 07707


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9875 457/11

[*1]The People of the State of New York, Respondent,
v
John Calderon, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered March 21, 2013, as amended March 27, 2013, convicting defendant, after a jury trial, of assault in the second degree, aggravated criminal contempt, criminal contempt in the first degree (two counts), criminal possession of a weapon in the third degree and criminal mischief in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously reversed, on the law, and the matter remanded for a new trial and a de novo hearing addressing the People's Molineux/Ventimiglia application.
The dispositive issue on appeal is whether defendant's absence from a pretrial Ventimiglia proceeding deprived him of his right to be present at all material stages of trial, including ancillary proceedings. "A key factor in determining whether a defendant has a right to be present during a particular proceeding is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (People v Spotford, 85 NY2d 593, 596 [1995] [internal quotation marks omitted]). Moreover, the right to be present "does not rest exclusively on defendant's potential contribution to the proceedings[;] [r]ather, it is based on the effect that defendant's absence might have on the opportunity to defend" (People v Hoey, 145 AD3d 118, 122 [1st Dept 2016] [citation and internal quotation marks omitted] lv denied 28 NY3d 1185 [2017]).
Here, the trial court conducted an initial Ventimiglia hearing with defendant present to address the prosecution's Molineux application, which sought to admit evidence of defendant's alleged prior assault on his then-girlfriend. After the parties made their arguments, the trial court postponed the issuance of its ruling. On the date the trial court intended to issue its ruling, it noted that defendant had not yet been produced, and defense counsel stated that he would prefer if the court issued its ruling with defendant present. The court stated that defendant's presence was not required since it was merely issuing a legal ruling and began ruling on the application. The People then sought to include new factual details of the prior assault not mentioned at the earlier proceeding where defendant was present (i.e. that defendant choked his then-girlfriend to the point that she almost lost consciousness). The trial court advised the prosecutor to leave out any testimony regarding these new details since these facts were not included in the original application. However, the prosecutor stressed that these new facts were "critical" for the jury to understand why the victim feared defendant, and the trial court allowed the prosecutor to elicit testimony from the witness.
Defendant should have been afforded the opportunity to be present given that the prosecutor's introduction of these new facts, in effect, expanded the original Molineux application and involved factual matters of which defendant may have had peculiar knowledge. Defendant was in the best position to either deny the new factual details, point out errors in the prosecutor's account of the details, or provide defense counsel with details that would have been useful in advancing his position (Spotford, 85 NY2d at 597). In addition, we cannot conclude [*2]that defendant's presence at the proceeding at issue would have been superfluous since the trial court's ruling was not favorable to defendant (People v Favor, 82 NY2d 254, 267 [1993]). Equally important, defendant was not given an opportunity to raise any objections to the introduction of the new factual details presented in his absence, or review the court's ruling, which was made part of the record, prior to the commencement of trial (see Hoey, 145 AD3d 118, 123; cf. Spotford, 85 NY2d 593, 598).
The cases relied on by the People to support the proposition that defendant's right to be present was not violated are distinguishable. In those cases, either the defendant was present when all relevant facts of the prior uncharged crimes were discussed, the proceedings at issue involved only legal discussions, or the defendant waived his right to be present at the proceedings (see People v Rodriguez, 93 AD3d 595, 596 [1st Dept 2012], lv denied 19 NY3d 966 [2012]; People v Garbutt, 9 AD3d 255, 256 [1st Dept 2004], lv denied 3 NY3d 674 [2004]; People v Spotford, 85 NY2d 593, 597-598 [1995]). Moreover, the fact that defense counsel did not contest the allegations prior to or during trial is irrelevant and could be interpreted as a tactical decision on the part of counsel.
We reject defendant's challenges to the sufficiency and weight of the evidence supporting his assault conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that the victim sustained physical injury (see generally People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). Defendant's sufficiency argument regarding the dangerous instrument element of second-degree assault is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK