People v Jackson (2020 NY Slip Op 05461)





People v Jackson


2020 NY Slip Op 05461


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Ind No. 4477/15 Appeal No. 11949 Case No. 2018-294 

[*1]The People of the State of New York, Respondent,
v
Donnell Jackson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 27, 2017, convicting defendant, after a jury trial, of attempted assault in the first and second degrees, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to
an aggregate term of 20 years to life, unanimously affirmed.
Defendant was not entitled to be present, or to have his counsel present, at a proceeding pertaining to the People's request for a material witness order, because it was held only to determine what steps should be taken to secure the witness's appearance (see People v Pinnacle, 165 AD3d 521 [1st Dept 2018], lv denied 32 NY3d 1176 [2019]). The fact that the witness discussed threats allegedly made by defendant did not transform the proceeding into a Sirois hearing (see Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]), because the witness actually testified at trial, and there was no need to determine whether the witness's out-of-court statements had been rendered admissible by defendant's alleged misconduct. Similarly, the material witness proceeding did not involve the admissibility at trial of the alleged threats (compare People v Turaine, 78 NY2d 871 [1991], because no such threats were received in evidence, or even offered by the People. Moreover, even if the proceeding could be construed as dealing in some way with the admissibility of the threats, the outcome was "wholly favorable" to defendant, rendering his presence "superfluous" (People v Favor, 82 NY2d 254, 268 [1993]).
Defendant previously moved to unseal the minutes of the material witness proceeding (M-3465). A panel of this Court granted the motion to the extent of directing that the minutes be produced for an in camera inspection for a determination as to whether the minutes should be unsealed. Upon our review of the minutes, we find no basis for unsealing them.
Defendant was properly adjudicated a persistent violent felony offender. The court correctly ruled that defendant was foreclosed from contesting the constitutionality of his 1992 conviction, which had already been relied upon, in 2004, in adjudicating him a second felony offender (see CPL 400.15[7][b]; [8]; People v Odom, 63 AD3d 408 [1st Dept 2009], lv denied 13 NY3d 798 [2009]). Defendant contends that he had good cause for failing to challenge the 1992 conviction due to the ineffective assistance provided by his counsel on the 2004 plea. However, that claim is unreviewable for lack of a sufficient record, particularly as to counsel's reason for not challenging the 1992 conviction. To the extent reviewable on the existing record, counsel provided effective assistance, and defendant has not demonstrated that counsel lacked a strategic reason to forego a challenge to the 1992 conviction, or had any reason to suspect that such a challenge might succeed.
In any event, regardless of whether defendant is barred from claiming that his 1992 conviction was unconstitutionally obtained because he received ineffective assistance of counsel, that claim is also unreviewable on appeal, which is an issue properly raised by the People before this Court. The minutes of a proceeding on defendant's plea withdrawal motion, several weeks before the 1992 sentencing, have been irretrievably lost. These minutes are necessary to determine whether, and to what extent counsel took an adverse position to that of his client (see People v Mitchell, 21 NY3d 964, 967 [2013], and we reject defendant's claim that the sentencing minutes suffice. To the extent reviewable on the existing record, we find that defendant has failed to meet his burden of proving that the conviction was unconstitutionally obtained (see People v Nelson, 133 AD3d 536, 537-538 [1st Dept 2015], lv denied 26 NY3d 1148 [2016]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020