People v Jones (2022 NY Slip Op 03528)





People v Jones


2022 NY Slip Op 03528


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2005-11679
 (Ind. No. 5476/04)

[*1]The People of the State of New York, respondent,
v
Christopher Jones, appellant.


Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered November 16, 2005, convicting him of robbery in the second degree (two counts) and robbery in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of two counts of robbery in the second degree and one count of robbery in the third degree arising out of two separate incidents, the first on August 1, 2004, and the second on August 14, 2004, on subway trains in New York wherein three victims were robbed; thereafter, all three victims identified the defendant as the perpetrator. The defendant appeals.
Contrary to the defendant's contention, his acquittal of the count of robbery in the first degree with respect to the incident on August 1, 2004, did not render the jury's verdict that he was guilty of robbery in the third degree as to that incident against the weight of the evidence. "An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account 'the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy,' and is not required 'to assume the basis for any implied inconsistencies' in such mixed verdicts" (People v Johnson, 197 AD3d 725, 726 [citations omitted], quoting People v Rayam, 94 NY2d 557, 561, 563). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we are satisfied that the verdict of guilt as to the two counts of robbery in the second degree and the count of robbery in the third degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the introduction of evidence of the police pursuit of him on August 23, 2004, the recovery of a gun by police, and the defendant's subsequent arrest was not error. Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity (see People v Molineux, 168 NY [*2]264, 293; People v Morales, 189 AD3d 1464, 1466). In certain circumstances, the purposes for which Molineux evidence may be used can include "completing the narrative of the events charged in the indictment and providing necessary background information" (People v Harris, 117 AD3d 847, 854, affd 26 NY3d 1; see People v Morris, 21 NY3d 588, 594). Here, the testimony of the officer who chased the defendant and recovered the defendant's photo identification, the testimony of the eyewitness who discovered the gun, and the testimony of the officer who arrested the defendant was admitted to explain the police actions and complete the narrative of events leading to the arrest of the defendant and the subsequent recovery of the stolen items (see People v Morales, 189 AD3d at 1467). The probative value of this evidence outweighed any undue prejudice to the defendant (see People v Morris, 21 NY3d at 597; People v Morales, 189 AD3d at 1467). Moreover, the Supreme Court gave the jury appropriate limiting instructions, to which defense counsel did not object, as to the limited purpose for which that evidence was received, alleviating any prejudice that may have resulted from the admission of the evidence (see People v Morales, 189 AD3d at 1467; People v Lee, 165 AD3d 838, 839).
The defendant's contention that his absence from a proceeding regarding the admissibility of certain evidence resulted in a violation of his fundamental right to be present at all material stages of trial is without merit (see People v Crowe, 167 AD3d 1036, 1037; People v Fabricio, 307 AD2d 882, 883, affd 3 NY3d 402). The defendant's absence from the portion of the proceeding regarding the admissibility of the recovered gun does not require reversal, as the Supreme Court did not permit the People to enter the gun into evidence and the result of that discussion was thus "wholly favorable" to the defendant (People v Favor, 82 NY2d 254, 268; see People v Jackson, 187 AD3d 446, 446). As to the portion of the proceeding where the court and counsel discussed the court's previous Molineux ruling, although the better practice would have been to wait to have that discussion until the defendant was present (see People v Favor, 82 NY2d at 268), under the circumstances here, the defendant's right to be present at all material stages of the trial was not violated. The defendant was present at the initial proceeding where the parties presented their Molineux arguments regarding the anticipated testimony and the court made a ruling, which provided the defendant with the opportunity for meaningful input regarding the uncharged crimes (see People v Rodriguez, 93 AD3d 595, 596; People v Rodriguez, 273 AD2d 415, 416). During the subsequent discussion of the prior Molineux ruling, the court did not change its original ruling as to the admissibility of that testimony (see People v Rodriguez, 93 AD3d at 596), nor did the discussion "implicate [the defendant's] peculiar factual knowledge or otherwise present the potential for his meaningful participation" (People v Fabricio, 3 NY3d at 406; see People v Rodriguez, 273 AD2d at 416). Thus, under the circumstances, reversal is not warranted (see People v Fabricio, 3 NY3d at 406; People v Rodriguez, 273 AD2d at 416).
Finally, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court