People v Baylor (2022 NY Slip Op 07168)

People v Baylor

2022 NY Slip Op 07168

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Ind. No. 2362/16 Appeal No. 16880 Case No. 2022-02204 

[*1]The People of the State of New York, Respondent,
v
Steven Baylor, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 22, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony conviction, to a term of three years, and order, same court and Justice, entered on or about October 4, 2018, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
By failing to raise his present challenge to the constitutionality of his 2010 Kings County conviction at the time of the instant predicate felony adjudication, defendant waived his objection to the use of that conviction as a predicate felony conviction (see CPL 400.21 [7][b]; People v Lopez, 200 AD3d 537, 539 [1st Dept 2021], lv denied 38 NY3d 952 [2022]). Defendant did not show "good cause . . . for such failure to make timely challenge" (CPL 400.21 [7][b]). Although defendant claims that his attorney rendered ineffective assistance in failing to make the constitutional argument subsequently made in the CPL 440.20 motion and on appeal, the issue of whether the Kings County conviction was unconstitutionally obtained was not "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v Keschner, 25 NY3d 704, 723 [2015]). The motion court's ruling, which found no ineffectiveness, concomitantly ruled upon and rejected defendant's claim of good cause to excuse the waiver.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022