People v Kearse (2023 NY Slip Op 01167)

People v Kearse

2023 NY Slip Op 01167

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Ind. No. 3750/15 Appeal No. 17448 Case No. 2018-6076 

[*1]The People of the State of New York, Respondent,
v
Howard Kearse, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J. at suppression hearing, jury trial and original sentencing; Michele S. Rodney, J. at resentencing), rendered October 19, 2018, as amended December 21, 2021, convicting defendant, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 16 years to life, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the victim's characterization of her injury. The evidence supported the conclusion that the victim sustained substantial pain as the result of being punched in the ear by defendant. Relatively minor injuries (see People v Chiddick, 8 NY3d 445, 447 [2007]), including injuries that did not require medical treatment (see People v Guidice, 83 NY2d 630, 636 [1994]), may meet the statutory threshold for physical injury. Here, the victim suffered ear pain that she described as a "seven," took Tylenol and iced her ear, and was unable to sleep on her ear, wear earrings or use her Bluetooth device in that ear for several days.
The court properly denied defendant's motion to suppress his statement to the police. Although not all of the officers involved in the arrest testified, the testifying officers, who, among other things, heard the relevant question posed by nontestifying officers and defendant's response, provided sufficient testimony to support inferences that the statement was voluntary (see People v Witherspoon, 66 NY2d 973, 974 [1985]), and was not the product of a custodial interrogation requiring Miranda warnings (see People v Bennett, 70 NY2d 891, 894 [1987]; People v Huffman, 41 NY2d 29 [1976]). In any event, any error in admitting defendant's minimally probative statement was harmless.
Defendant was properly adjudicated a persistent violent felony offender. The resentencing court correctly ruled that defendant was foreclosed from contesting the constitutionality of his 1984 conviction, which had been relied upon in 1996 in adjudicating him a persistent felony offender (see CPL 400.15[7][b],[8]; People v Odom, 63 AD3d 408 [1st Dept 2009], lv denied 13 NY3d 798 [2009]). Defendant asserts that he had good cause for failing to challenge the 1984 conviction due to his 1996 counsel's ineffectiveness. However, the present record is insufficient to establish such ineffectiveness, particularly because it does not explain counsel's reasons for not challenging the 1984 conviction (see People v Jackson, 187 AD3d 446, 447 [1st Dept 2020], lv denied 36 NY3d 929 [2020]; see also People v Baylor, 211 AD3d 546 [1st Dept 2022]). In any event, once the 1996 court found that defendant's [*2]1984 conviction was constitutionally obtained, CPL 400.15(8) precludes him from challenging that conviction in any subsequent proceeding. We have considered and rejected defendant's remaining arguments regarding his persistent violent felony adjudication.
We find the sentence excessive to the extent indicated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023