People v Vaughn

2026 NY Slip Op 02290

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Alexander Vaughn, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2018-09261, (Ind. No. 2300/16)

Hector D. Lasalle, P.J.

Cheryl E. Chambers

Paul Wooten

Helen Voutsinas, JJ.

Mark Diamond, New York, NY, for appellant, and appellant pro se.

Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered July 11, 2018, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

ORDERED that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress evidence from a showup identification procedure. Exigent circumstances existed warranting the showup procedure because police officers needed to determine whether they had apprehended the right person in connection with a home invasion burglary or if they should continue searching for other suspects (see People v Howard, 22 NY3d 388, 402; People v Mayes, 200 AD3d 718). Moreover, the showup procedure was not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of police officers or the fact that the police officers shined lights on him (see People v Croom, 171 AD3d 781, 782; People v Bartlett, 137 AD3d 806, 807).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).

The defendant's contention that the County Court improperly permitted testimony from a communications analyst pertaining to the analyst's interpretation of cell tower records and cell phone data is unpreserved for appellate review (see CPL 470.05[2]; Matter of Bella S. [Alice Y.-[*2]S.], 225 AD3d 883, 884). In any event, that testimony was properly admitted to "'help . . . clarify an issue calling for professional or technical knowledge . . . and beyond the ken of the typical juror'" (People v Williams, 20 NY3d 579, 583-584, quoting De Long v County of Erie, 60 NY2d 296, 307; see People v Inoa, 25 NY3d 466, 472). Moreover, although the analyst was not formally qualified as an expert, the analyst demonstrated through his testimony that he had sufficient experience to qualify as an expert witness on the interpretation of cell tower records and cell phone data (see People v Robinson, 118 AD3d 1028, 1029).

The defendant's contention that the County Court improperly failed to replace an excused prospective alternate juror is unpreserved for appellate review (see People v Wade, 209 AD2d 733) and, in any event, without merit.

The defendant's contention that his exclusion from sidebar conferences resulted in a violation of his fundamental right to be present at all material stages of trial is without merit (see People v Fabricio, 3 NY3d 402; People v White, 238 AD3d 789, 790-791). The record demonstrates that the sidebar conferences either involved purely legal matters, at which the defendant's presence was not required (see People v DePallo, 96 NY2d 437, 443; People v Crowe, 167 AD3d 1036), or matters in which there was no "potential for the defendant to meaningfully participate in the subject discussions" (People v Fabricio, 3 NY3d at 406; see People v White, 238 AD3d at 791).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, either are without merit or do not warrant reversal.

LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court